UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MUHAMMAD OWAIS SIDDIQUI,

    Petitioner,

    v.

BRIAN ENGLISH, SAMUEL OLSON,
and KRISTI NOEM,

    Respondents.

CAUSE NO. 3:26cv124 DRL-SJF

## ORDER

Immigration detainee Muhammad Owais Siddiqui, by counsel, filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. Pursuant to Section 2254 Habeas Corpus Rule 4, which the court may apply to petitions under § 2241, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Mr. Siddiqui alleges he is a citizen of Pakistan who came to the United States in 1999 at age 17 and applied for asylum. He says, on April 5, 2005, an immigration judge denied his asylum application and ordered his removal. He appealed the decision to the Board of Immigration Appeals (BIA), which affirmed the decision and dismissed the appeal on August 26, 2006. He alleges that United States Immigration and Customs Enforcement (ICE) made no attempts to remove him at that time or over the next twenty years until he was arrested and detained in September 2025.

After his arrest, Mr. Siddiqui alleges he filed a motion to reopen with the BIA in September 2025, which remains pending. He also says, since 2001, he has been working to adjust his status administratively, and that process is ongoing. His mother's petition for alien relative (Form I-130) on his behalf and his application for permission to reapply due to his prior removal order (Form I-212) were approved by United States Citizenship and Immigration Services (USCIS), and his unlawful presence provisional waiver (Form I-610A), remains pending. He also has filed for a T visa, which is a visa available to certain victims of human trafficking. *See* 8 U.S.C. § 1101(a)(15)(T). According to the amended petition, this application has been received by USCIS, but no action has been taken yet. Mr. Siddiqui also filed for a stay of removal with ICE and requested a reasonable fear interview.

Mr. Siddiqui argues his detention has become unreasonably prolonged in violation of substantive and procedural due process. In support of his substantive due process argument, he relies on a test used in the Third Circuit regarding detention under 8 U.S.C. § 1226(c), a statute that mandates detention while removal proceedings are ongoing. *See Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469 (3d Cir. 2015), *abrogated in part by Jennings v. Rodriguez*, 583 U.S. 281 (2018). According to the petition, Mr. Siddiqui is subject to a final order of removal and none of his attempts to have that removal order set aside or receive other relief has succeeded so far. In other words, his removal proceedings are not ongoing. Therefore, his detention falls under 8 U.S.C. § 1231(a), so the test in *Chavez-Alvarez* does not apply even if the court were inclined to consider it.

Instead, Mr. Siddiqui's rights regarding detention under § 1231(a) are delineated in *Zadvydas v. Davis*, 533. U.S. 678 (2001). Under typical circumstances, a noncitizen who is

2

subject to a final order of removal and who falls under the categories of noncitizens in § 1231(a)(6) subject to continued detention may be detained under that statute for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. The law materially defers these difficult judgments to the Executive Branch for a six-month period during which detention is considered presumptively reasonable to execute a removal order. *Id.* at 700-01. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing." *Id.* at 701 (cleaned up); *see also Liang, v. English*, No. 3:25cv1052, 2026 WL 835853, 1 (N.D. Ind. Mar. 26, 2026) (Leichty, J.) (applying *Zadvydas*).

Here, based on the allegations in the petition, Mr. Siddiqui has not provided a basis for the court to find his detention is unlawful. He bears the initial burden to show that removal is not reasonably foreseeable; and here, all he relies on are applications he has filed that may afford him relief if granted. This strikes as more speculative than real. He has not alleged any current circumstance that would prevent his removal from being reasonably foreseeable. The court cannot grant him habeas relief based on the pending applications that, if granted, might prevent his removal. *See E.F.L. v. Prim*, 986 F.3d 959, 964 (7th Cir. 2021) (concluding courts lacks jurisdiction under 8 U.S.C. § 1252(g) to interfere with the execution of a removal order while noncitizen pursues administrative relief from removal order). Nor are there any allegations or showing that Pakistan would not accept him for removal.

As for procedural due process, Mr. Siddiqui conducts an analysis under the test from *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), to argue that his continued detention without

a bond redetermination violates due process. However, because Mr. Siddiqui alleges he is subject to a final order of removal, he is not entitled to a bond hearing.

Finally, Mr. Siddiqui argues that his detention is unlawful based on violations of agency regulations. The regulations specify that approximately three months after he is first detained, he is due for a custody review, at which ICE officials determine whether to release him or keep him in custody pending his removal. *See* 8 C.F.R. § 241.4(k), (*l*)(3). Mr. Siddiqui alleges he did not receive notice of the pending records review, he was not given an opportunity to submit documentation in support of his custody review, and his attorney was not given notice of the review. To the extent these inadequacies amount to a regulatory violation, they appear to be harmless error. Mr. Siddiqui has not alleged a reason for finding that his removal is not reasonably foreseeable, so it is unclear how he could have gained release in the custody review.

In addition, Mr. Siddiqui filed a motion for a temporary restraining order, enjoining respondents from continuing his detention or removing him from the United States while the court considers his habeas petition. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). For similar reasons, Mr. Siddiqui has not shown a likelihood of success on the merits.

As a final matter, in addition to the Warden of Miami Correctional Facility, Mr. Siddiqui has named as respondents Chicago Field Office Director Samuel Olsen and Former Secretary of the Department of Homeland Security Kristi Noem. These additional respondents beyond the Warden are not Mr. Siddiqui's "immediate custodian" and do not exercise "day-to-day control" over Miami Correctional Facility, where he is being held. *Kholyavskiy v. Achim*, 443 F.3d 946, 953 (7th Cir. 2006). Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the court of appeals concluded that the proper respondent in an immigration habeas case challenging the constitutionality of a petitioner's confinement is the warden of the facility where the petitioner is being held, not a supervisory official who has the authority to free the petitioner. *See also Doe v. Garland*, 109 F.4th 1188, 1192 (9th Cir. 2024); *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3d Cir. 2021); *Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000). Non-custodial respondents in a habeas petition are not appropriate parties in light of *Kholyavskiy*.

For these reasons, the court DENIES the motion for a temporary restraining order (ECF 2) and the amended petition for a writ of habeas corpus (ECF 7) and DIRECTS the clerk to close this case.

SO ORDERED.

April 14, 2026                                   *s/ Damon R. Leichty*
                                                Judge, United States District Court

5